**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERTO ALFREDO SCHMIDT URRUTIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 08-70556<br><br>Agency No. A035-775-0654<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted November 2, 2009
Pasadena, California

Before:  SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

-1-

Roberto Alfredo Schmidt Urrutia petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). The BIA's findings are reviewed as the final agency action. *Id*. To the extent that the BIA simply affirms the IJ, we also review the IJ's decision as if it were the final agency action. *Id*.

"[W]e review *de novo* the BIA's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations." *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1158-59 (9th Cir. 2009) (citations and internal quotation marks omitted). Factual findings underlying the BIA's final order are reviewed for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). The BIA's determinations regarding eligibility for asylum, withholding of removal, or relief under the CAT must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation

omitted). To reverse the BIA's factual determination we must find that the evidence not only supports that conclusion, but compels it. *Id*. at 481 n.1.

Because Urrutia's application for asylum was untimely, it is statutorily barred unless he can demonstrate the existence of changed circumstances which materially affect his eligibility for asylum.[1] *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(2)(D). Urrutia asserts that learning about an outstanding warrant for his arrest on charges of aggravated fraud constitutes a changed circumstance that should excuse his untimely filing of an application for asylum. We disagree. Assuming his credibility, Urrutia fled El Salvador because of the threats against him. The knowledge of an arrest warrant issued against him may have intensified Urrutia's fears, but it does not constitute a changed circumstance that materially affected his eligibility for asylum. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Urrutia's petition for asylum is statutorily barred. *See* 8 U.S.C. § 1158(a)(2)(B).

Although certainly unpleasant, the threats and harm that Urrutia endured in El Salvador did not rise to the level of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998). Moreover, the record does not compel a finding that Urrutia is

---

[1] The BIA's determination that Urrutia failed to show changed circumstances is a mixed question of law and fact subject to our review under the Real ID Act, Pub L. No. 109-13 § 106(a) (2005). *See Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007).

more likely than not to be persecuted or tortured if forced to return to El Salvador.

*See Muradin v. Gonzales*, 494 F.3d 1208, 1210-11 (9th Cir. 2007).

**PETITION DENIED.**